WORLD RADIO LABORATORIES, INC., A NEBRASKA CORPORATION, APPELLEE, v. COOPERS & LYBRAND, A PARTNERSHIP, APPELLANT.

542 N.W.2d 78

Filed January 2, 1996. No. A–93–739.

Jeff A. Anderson, of Kutak Rock; Maureen E. McGrath; Philip A. Lacovara and Lynne M. Raimondo, of Mayer, Brown & Platt; and William G. Campbell for appellant.

Joseph E. Jones, Lon A. Licata, and Michael L. Schleich, of Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellee.

SIEVERS, Chief Judge, and IRWIN and MUES, Judges.

MUES, Judge.

Coopers & Lybrand (C & L) filed a motion for rehearing following the issuance of our opinion in this case. See *World Radio Labs. v. Coopers & Lybrand, ante* p. 34, 538 N.W.2d 501 (1995). C & L asks that we reconsider "one narrow issue," that being the question of whether the statute of limitations barred the claim of World Radio Laboratories, Inc. (WR), for malpractice arising out of C & L's 1983 audit report. Upon reconsideration, we conclude that our opinion was incorrect with regard to this issue.

We initially recognized that Neb. Rev. Stat. § 25–222 (Reissue 1989) requires that claims for professional negligence shall be brought within 2 years after the alleged act, omission, or failure to render the professional service. We reasoned that the statute of limitations on an error committed in an audit begins to run when the audit report is delivered to the client, citing *Lincoln Grain v. Coopers & Lybrand*, 215 Neb. 289, 338 N.W.2d 594 (1983). In this instance, the 1983 audit report was mailed on August 5, 1983, and we determined that this action, being filed on May 20, 1986, was obviously barred as to that audit unless the limitations period was otherwise extended on some recognized basis. Section 25–222 provides that if a cause

of action is not discovered and could not be reasonably discovered within the original 2-year period, the action may be commenced within 1 year from the date of discovery or within 1 year from the date of discovery of facts which would reasonably lead to such discovery. WR did not discover the alleged failures of C & L before May 21, 1985. We concluded that this portion of § 25-222 applied and that since the suit was commenced within 1 year of the date of discovery of the alleged failures, it was timely.

In applying the 1-year discovery exception to the claims arising out of the 1983 audit, we overlooked the clear language of § 25-222, which provides that the 1-year discovery exception is available when "the cause of action is not discovered and could not be reasonably discovered *within* such two-year period." (Emphasis supplied.) In this case, the audit report was mailed on August 5, 1983, and the alleged errors were discovered on May 21, 1985, *within* the initial 2-year statute of limitations period. Thus, the 1-year discovery exception provided for under § 25-222 does not apply to extend the time for filing beyond the original 2-year period, i.e., August 1985. WR did not commence this action until May 20, 1986.

Although we overrule the motion for rehearing, we correct our original decision and opinion and find that WR's claims for malpractice arising out of the 1983 audit report were barred by the 2-year statute of limitations for professional malpractice. In all other respects, the opinion is reaffirmed.

FORMER OPINION MODIFIED.
MOTION FOR REHEARING OVERRULED.